IN THE UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE

ROBERT GORDON

V

EMILY GORDON-FOX

EMILY LEININGER

ALL THINGS FAMILY LAW, PLLC

RECEIVED

SEP 26 2024

US DISTRICT COURT
MID DIST TENN

CASE # 3:24-cv-1167

COMPLAINT FOR VIOLATION OF INDIAN CHILD WELFARE ACT

AND 18 USC 1623 FALSE DECLARATIONS

"JURISDICTION"

1) PURSUANT TO 28 USC 1331 "THE DISTRICT COURTS SHALL HAVE ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARISING UNDER THE CONSTITUTION, LAW, OR TREATIES OF THE UNITED STATES."

PLAINTIFF, ROBERT GORDON, IS A CITIZEN & RESIDENT OF FRANKLIN, TN LOCATED WITHIN WILLIAMSON COUNTY & HAS BEEN FOR MORE THAN SIX MONTHS PRIOR TO FILING OF THIS COMPLAINT, THE ACTS COMPLAINED OF WERE COMMITTED IN TENNESSEE WHILE PLAINTIFF WAS A BONA FIDE RESIDENT OF MIDDLE TENNESSEE

2) THE CO-DEFENDANTS ARE RESIDENTS & CITIZENS OF MIDDLE TENNESSEE AS WELL AS A LOCAL LAW OFFICE LOCATED IN FRANKLIN, TN

3) PLAINTIFF, ROBERT GORDON, AND DEFENDANT, EMILY GORDON-FOX, ARE PARENTS TO MINOR CHILD KNOX GORDON. FATHER & SON ARE MEMBERS OF THE CHOCTAW NATION OF OKLAHOMA.

(i)

4) MOTHER RETAINED SERVICES OF "ALL THINGS FAMILY LAW" AND DEFENDANT, EMILY LEININGER ON OR ABOUT JANUARY 2020.

INDIAN CHILD WELFARE ACT

5) PURSUANT TO 25 USC 1901 CONGRESSIONAL FINDINGS, RECOGNIZING THE SPECIAL RELATIONSHIP BETWEEN THE UNITED STATES AND THE INDIAN TRIBES AND THEIR MEMBERS AND THE FEDERAL RESPONSIBILITY TO INDIAN PEOPLE, THE CONGRESS FINDS (1) THAT CLAUSE 3, SECTION 8, ARTICLE 1 OF THE US CONSTITUTION PROVIDES THAT THE CONGRESS SHALL HAVE POWER TO REGULATE COMMERCE WITH INDIAN TRIBES AND, THROUGH THIS : OTHER CONSTITUTIONAL AUTHORITY, CONGRESS HAS PLENARY POWERS OVER INDIAN AFFAIRS, (2) THAT CONGRESS, THROUGH STATUTES, TREATIES, AND THE GENERAL COURSE OF DEALING WITH INDIAN TRIBES, HAS ASSUMED THE RESPONSIBILITY FOR THE PROTECTION AND PRESERVATION OF INDIAN TRIBES : THEIR RESOURCES (3) THAT THERE IS NO RESOURCE THAT IS MORE VITAL TO THE CONTINUED EXISTENCE AND INTEGRITY OF INDIAN TRIBES THAN THEIR CHILDREN AND THE US HAS A DIRECT INTEREST, AS TRUSTEE, IN PROTECTING INDIAN CHILDREN WHO ARE MEMBERS OF OR ARE ELIGIBLE FOR MEMBERSHIP IN AN INDIAN TRIBE, (4) THAT AN ALARMINGLY HIGH PERCENTAGE OF INDIAN FAMILIES ARE BROKEN UP BY THE REMOVAL, OFTEN UNWARRANTED, OF THEIR CHILDREN FROM THEM BY NONTRIBAL PUBLIC : PRIVATE AGENCIES AND THAT AN ALARMINGLY HIGH PERCENTAGE OF SUCH CHILDREN ARE PLACED IN

②

NON-INDIAN FOSTER AND ADOPTIVE HOMES & INSTITUTIONS AND (5) THAT THE STATES, EXERCISING THEIR RECOGNIZED JURISDICTION OVER INDIAN CHILD CUSTODY PROCEEDINGS THROUGH ADMINISTRATIVE AND JUDICIAL BODIES, HAVE OFTEN FAILED TO RECOGNIZE THE ESSENTIAL TRIBAL RELATIONS OF INDIAN PEOPLE AND THE CULTURAL AND SOCIAL STANDARDS PREVAILING IN INDIAN COMMUNITIES AND FAMILIES. (MISSISSIPPI BAND OF CHOCTAWS INDIANS V HOLYFIELD, 490 US 30, 109 S CT. 1597, 104 L ED 2d 29 (1989)).

6) PURSUANT TO 25 USC 1902 CONGRESSIONAL DECLARATION OF POLICY, THE CONGRESS HEREBY DECLARES THAT IT IS THE POLICY OF THIS NATION TO PROTECT THE BEST INTERESTS OF INDIAN CHILDREN AND TO PROMOTE THE STABILITY AND SECURITY OF INDIAN TRIBES AND FAMILIES BY THE ESTABLISHMENT OF MINIMUM FEDERAL STANDARDS FOR THE REMOVAL OF INDIAN CHILDREN FROM THEIR FAMILIES AND THE PLACEMENT OF SUCH CHILDREN IN FOSTER OF ADOPTIVE HOMES WHICH WILL REFLECT THE UNIQUE VALUES OF INDIAN CULTURE, AND BY PROVIDING FOR ASSISTANCE TO INDIAN TRIBES IN THE OPERATION OF CHILD & FAMILY SERVICE PROGRAMS. (STEPHANIE M, IN RE 27 CAL RPTR 2d 595, 7 CAL 4TH 295, 867 P 2d 706 (CAL 1994))

7) PURSUANT TO 25 USC 1911 INDIAN TRIBE JURISDICTION OVER INDIAN CHILD CUSTODY PROCEEDINGS (B) TRANSFER OF PROCEEDINGS, IN ANY STATE COURT PROCEEDING FOR THE FOSTER CARE PLACEMENT OF, OR TERMINATION OF PARENTAL RIGHTS TO, AN INDIAN CHILD NOT DOMICILED OR RESIDING WITHIN THE RESERVATION OF THE INDIAN CHILDS TRIBE, THE COURT, IN THE ABSENCE OF GOOD CAUSE TO THE CONTRARY, SHALL TRANSFER SUCH PROCEEDINGS TO THE JURISDICTION OF THE TRIBE, ABSENT OBJECTION BY EITHER PARENT, UPON THE PETITION OF EITHER PARENT OR THE CUSTODIAN OR THE INDIAN CHILDS TRIBE (C) IN ANY STATE COURT PROCEEDING FOR THE FOSTER CARE PLACEMENT OF, OR TERMINATION OF PARENTAL RIGHTS TO, AN INDIAN CHILD, THE INDIAN CUSTODIAN OF THE CHILD AND THE INDIAN CHILD'S TRIBE SHALL HAVE A RIGHT TO INTERVENE AT ANY POINT IN THE PROCEEDING (NAVAJO NATION V CONFEDERATED TRIBES OF THE YAKAMA, 331 F3d 1041 9TH CIR 2003)

8) PURSUANT TO 25 USC 1912 PENDING COURT PROCEEDINGS (C) EACH PARTY TO A FOSTER CARE PLACEMENT OR TERMINATION OF PARENTAL RIGHTS PROCEEDING UNDER STATE LAW INVOLVING AN INDIAN CHILD SHALL HAVE THE RIGHT TO EXAMINE ALL REPORTS OR OTHER DOCUMENTS FILED WITH THE COURT UPON WHICH ANY DECISION WITH RESPECT TO SUCH ACTION MAY BE BASED (D) REMEDIAL SERVICES AND REHABILITATIVE PROGRAMS, PREVENTIVE MEASURES, ANY PARTY SEEKING TO EFFECT TERMINATION OF PARENTAL RIGHT TO, AN INDIAN CHILD UNDER STATE LAW SHALL SATISFY THE COURT THAT ACTIVE

(4)

EFFORTS HAVE BEEN MADE TO PROVIDE REMEDIAL SERVICES AND REHABILITATIVE PROGRAMS DESIGNED TO PREVENT THE BREAKUP OF THE INDIAN FAMILY AND THAT THESE EFFORTS HAVE PROVED UNSUCCESSFUL, (F) NO TERMINATION OF PARENTAL RIGHTS MAY BE ORDERED IN SUCH PROCEEDING IN THE ABSENCE OF A DETERMINATION, SUPPORTED BY EVIDENCE BEYOND A REASONABLE DOUBT, INCLUDING TESTIMONY OF ~~THE~~ QUALIFIED EXPERT WITNESSES THAT THE CONTINUED CUSTODY OF THE CHILD BY THE PARENT IS LIKELY TO RESULT IN SERIOUS EMOTIONAL OR PHYSICAL DAMAGE TO THE CHILD. (SANTOSKY V KRAMER, 455 US 745, 102 S CT 1388, 71 L ED 2D 599 (1982)).

9) PURSUANT TO 25 USC 1914 PETITION TO COURT OF COMPETENT JURISDICTION TO INVALIDATE ACTION UPON SHOWING OF CERTAIN VIOLATION, ANY INDIAN CHILD WHO IS THE SUBJECT OF ANY ACTION OF TERMINATION OF PARENTAL RIGHTS UNDER STATE LAW, ANY PARENT OR INDIAN CUSTODIAN FROM WHOSE CUSTODY SUCH CHILD WAS REMOVED, AND THE INDIAN CHILDS TRIBE MAY PETITION ANY COURT OF COMPETENT JURISDICTION TO INVALIDATE SUCH ACTION UPON A SHOWING THAT SUCH ACTION VIOLATED ANY PROVISION OF SECTIONS 1911, 1912, AND 1913 OF THIS TITLE (IN RE CN, 752 NE 2d 1030, 196 ILL 2d 181, 256 ILL DEC 788 ILL 2001) (JW, IN INTEREST OF, 498 NW 2d 417 IOWA APP 1993) (BUREAU OF INDIAN AFFAIRS GUIDELINES 44TH FED REG 67588 1979)

(5)

10) PURSUANT TO 25 USC 1916 RETURN OF CUSTODY (A) PETITION, BEST INTERESTS OF CHILD, NOTWITHSTANDING STATE LAW TO THE CONTRARY, WHENEVER A FINAL DECREE OF ADOPTION OF AN INDIAN CHILD HAS BEEN VACATED OR SET ASIDE, A BIOLOGICAL PARENT OR PRIOR INDIAN CUSTODIAN MAY PETITION FOR RETURN OF CUSTODY AND THE COURT SHALL GRANT SUCH PETITION UNLESS THERE IS A SHOWING, IN A PROCEEDING SUBJECT TO THE PROVISIONS OF SECTION 1912 OF THIS TITLE, THAT SUCH RETURN OF CUSTODY IS NOT IN THE BEST INTERESTS OF THE CHILD. (ADOPTION OF A CHILD OF INDIAN HERITAGE, 543 A 2D 925, 111 NJ 155 NJ 1988)

CASE HISTORY - ISSUES & FACTS

11) FATHER WAS AWARDED 104 UNSUPERVISED PARENTING DAY AS PART OF DIVORCE & CUSTODY PROCEEDING IN MICHIGAN CIRCA 2017. MOTHER FLED MICHIGAN WITH CHILD IN JANUARY 2019, FATHER RELOCATED TO NASHVILLE IN 2020 IN ORDER TO SEE CHILD ON REGULAR BASIS. MOTHER REMARRIED IN DECEMBER 2020. FATHERS PARENTING TIME WAS TEMPORARILY SUSPENDED IN JANUARY 2021. MOTHER FILED FOR TERMINATION OF PARENTAL RIGHTS SUBSEQUENTLY.

PURSUANT TO TCA 36-1-116(F)(2) FATHER WAS NOT ALLOWED TO SEE CHILD DURING THE PENDENCY OF TERMINATION HEARINGS WHICH DID NOT CONCLUDE UNTIL AUGUST 2024. MOTHER & COUNSEL PURPOSELY DELAYED THE ENTIRE CASE AND ALIENATED

FATHER & SON FOR OVER THREE YEARS.

12) THE CHOCTAW NATION OF OKLAHOMA CONTACTED COURTS & MS LEININGER IN SEPTEMBER 2021 TO NOTIFY ALL PARTIES THAT THE INDIAN CHILD WELFARE ACT (ICWA) WOULD APPLY AFTER MOTHER ATTEMPTED TO WIN A TERMINIATION CASE VIA DEFAULT. (EXHIBITS A & B).

13) ON 10/8/21 IN CASE # 21 A 46 OF THE FOURTH CIRCUIT COURT OF DAVIDSON COUNTY FATHER PETITIONED THE TRIAL COURT TO TRANSFER JURISDICTION & CHANGE VENUE TO THE CHOCTAW NATION OF OKLAHOMA, WHICH WAS DENIED. THUS VIOLATING THE ICWA 25 USC 1911(B) OF FEDERAL LAW REQUIRING TRANSFER OF VENUE.

14) ON MULTIPLE FILINGS FATHER REQUESTED TO REINSTATE FATHERS PARENTING TIME AND WAS SUBSEQUENTLY DENIED PURSUANT TCA 36-1-116(F)(2), THUS VIOLATING THE ICWA 25 USC 1912(D) OF FEDERAL LAW (EXHIBIT C) REQUIRED "ACTIVE EFFORTS" TO REUNITE FATHER & SON (81 FED REG AT 32525 1986)

15) MOTHERS COUNSEL AND LAW FIRM RETAINED VIOLATED MULTIPLE RULES OF TENNESSEE RULES OF CIVIL PROCEDURE THAT COULD BE CONTRUED AS MALPRACTICE DUE TO LACK OF ORDINARY CARE, SKILL, OR DILIGENCE. SPECIFICALLY VIOLATIONS OF RULE 26.02(A)(i) REQUIRING LISTING OF ALL EXPERT WITNESSES,

RULE 11-02 "REPRESENTATIONS TO COURT" WHICH STATES THE FOLLOWING: 1) IT IS NOT BEING PRESENTED FOR ANY IMPROPER PURPOSE, SUCH AS TO HARASS OR TO CAUSE UNNECESSARY DELAY OR NEEDLESS INCREASE IN COST OF LITIGATION 3) ALLEGATIONS AND OTHER FACTUAL CONTENTIONS HAVE EVIDENTIARY SUPPORT 4) THE DENIAL OF FACTUAL CONTENTIONS ARE WARRANTED ON THE EVIDENCE OR, IF SPECIFICALLY SO IDENTIFIED, ARE REASONABLY BASED ON A LACK OF INFORMATION OR BELIEF.

16) SEE (EXHIBIT D) WHERE MS LEININGER LIST FATHERS EX-GIRLFRIENDS TO HARASS FATHER & NEVER LIST "RANDI MANN" IN INTERROGATORIES, (EXHIBIT E) WHERE MS LEININGER ADMITS TO DELAYING THE CASE, AND (EXHIBIT F) WHERE MS LEININGER FABRICATED MEDICAL RECORDS AND SUBMITTED THEM AS EVIDENCE.

17) ATTORNEY LEININGER SNUCK IN A SUPPOSSED EXPERT "RANDI MANN" 3 DAYS BEFORE TRIAL (EXHIBIT G) THOUGH NEVER MENTIONING THE WITNESS AT ANY OTHER POINT OVER THREE YEARS OF LITIGATION (EXHIBIT H). THUS, VIOLATING ICWA 25 USC 1912 (F) REQUIRING MULTIPLE WITNESSES AND ALSO VIOLATING WHAT THE BUREAU OF INDIAN AFFAIRS DEFINITION OF AN EXPERT WITNESS(ES) (HR NO 95-1386 95TH CONG SESS 22 (1978) US CODE CONG & ADMIN NEWS 7530, 7545) (44 FED REG 67,583 67,593 (1979)).

⑧

<u>FALSE DECLARATIONS</u>

18) BESIDES THE FABRICATED MEDICAL RECORDS PRESENTED TO THE COURT BY ATTORNEY LEININGER. MOTHER GAVE FALSE TESTIMONY AT TRIAL STATING SHE COMPLIED FULLY WITH THE INDIAN CHILD WELFARE ACT AND MADE "ACTIVE EFFORTS" TO REUNITE FATHER AND SON.

MOTHER MADE FALSE DECLARATIONS KNOWINGLY WITH INTENT OF MALICIOUS BEHAVIOR TO DECEIVE CAUSING HARM TO FATHER & SON ON MATERIAL FACTS RESULTING IN FATHERS PARENTAL RIGHTS TERMINATED.

PURSUANT TO 18 USC 1623 "FALSE DECLARATIONS BEFORE COURT" (A) WHOEVER UNDER OATH IN ANY PROCEEDING BEFORE ANY COURT OF THE U.S. KNOWINGLY MAKES ANY FALSE MATERIAL DECLARATION OR MAKES OR USES ANY OTHER INFORMATION, INCLUDING ANY BOOK, PAPER, DOCUMENT KNOWING THE SAME TO CONTAIN ANY FALSE MATERIAL DECLARATION, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS.

PURSUANT TO 18 USC 1349 "ATTEMPT & CONSPIRACY" THE CO-DEFENDANTS ARE GUILTY OF CONSPIRING TO COMMIT PERJURY & VIOLATIONS OF ICWA. IF TWO OR MORE PERSONS CONSPIRE EITHER TO COMMIT ANY OFFENSE OR TO DEFRAUD ANY PERSON OR AGENCY THEREOF IN ANY MANNER OR FOR ANY PURPOSE, AND ONE OR MORE OF SUCH PERSONS

(9)

DO ANY ACT TO EFFECT THE OBJECT OF THE CONSPIRACY, EACH SHALL BE FINED UNDER THIS TITLE OR IMPRISONED FOR FIVE YEARS. 18 USC 371.

<u>DAMAGES AND HARM CAUSED</u>

19) THERE IS NO DOLLAR AMOUNT OR WORD THAT COULD PROPERLY DESCRIBE THE MENTAL ANGUISH CAUSED BY WRONGFUL ABDUCTION OF ONE'S CHILD, WHILE ACTING AS IF IN COMPLIANCE & UNDER THE COLOR OF LAW. THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY COLLUSION TO VIOLATE LAWS CAUSES CONSTANT FEAR & ANXIETY, THE FINANCIAL AND PSYCHOLOGICAL EFFECTS ARE DEBILITATING. THE CO-CONSPIRATORS INTENTIONAL FRAUD UPON THE COURT, VIOLATING STATE & FEDERAL LAWS, AS WELL AS NUMEROUS RULES OF CIVIL PROCEDURE ARE BEYOND CRIMINAL, THEY ARE SADISTIC.

IT IS BEYOND A PERPONDERANCE WITH CLEAR & CONVINCING EVIDENCE THAT THE CO-CONSPIRATORS ACTED WITH SOPHISTICATED & CALCULATED EFFORTS TO VIOLATE THE ICWA THEN LIE UNDER OATH ABOUT THEIR ACTIONS. MOTHER & HER COUNSEL INTENTIONALLY & BY THEIR ADMISSION, DELAYED THE PROCEEDINGS TO ALIENATE FATHER AND SON, SUBMITTED FABRICATED MEDICAL RECORDS OF "SCOTT COLEMAN" AS EVIDENCE, AND HARASSED FATHER BY STALKING THEN SUBMITTING THE NAMES OF FORMER ROMANTIC PARTNERS IN INTERROGATORIES.

10

THESE EGREGIOUS ACTIONS HAVE CAUSED IRREPARABLE HARM TO THE FATHER & SONS RELATIONSHIP & EMOTIONAL WELLBEING.

MS LEININGER AND MOTHER DEPRIVED FATHER OF HIS RIGHTS TO HIS CHILD SECURED BY THE CONSTITUTION & FEDERAL LAWS. EACH USED THE COLOR OF STATE LAW TO DEPRIVE FATHER AND SON OF THEIR RIGHTS UNDER FEDERAL LAWS OF ICWA.

IT CAN REASONABLY BE CONSTRUED THAT THE CO-CONSPIRATORS WERE HARASSING FATHER TO CAUSE MENTAL ANGUISH WHILE THEY BROKE FEDERAL LAWS. "WE HAVE EMPHASIZED, MOREOVER, THAT THE OBJECTIVE SEVERITY OF HARASSMENT SHOULD BE JUDGED FROM THE PERSPECTIVE OF A REASONABLE PERSON IN THE PLAINTIFF POSITION CONSIDERING THE CIRCUMSTANCES, THAT INQUIRY REQUIRES CAREFUL CONSIDERATON OF SOCIAL CONTEXT" IN WHICH PARTICULAR BEHAVIOR OCCURS & IS EXPIERENCED BY ITS TARGET" (HARRIS SUPRA, AT 23, 114 S. CT. AT 371).

## CONCLUSION

20) BY ENFORCING TCA 36-1-116(F)(2), MOTHER SUBSEQUENTLY VIOLATING 25 USC 1912(D) OF THE INDIAN CHILD WELFARE ACT. THUS, PURSUANT TO 25 USC 1914, THIS COURT CAN INVALIDATE THE TRIAL COURTS RULING. MOTHERS PERJURY IS JUST ONE SMALL EXAMPLE OF THE TORTURE AND WILLINGNESS

TO WIN AT ALL COST, WHICH INCLUDES BREAKING MULTIPLE STATE & FEDERAL LAWS.

MOTHER & COUNSEL HAD NO IDEA THERE WAS A NEED FOR AN EXPERT TESTIMONY, AND MORE THAN ONE EXPERT AT THAT, UNTIL FATHER FILED A MOTION TO TRANSFER JURISDICTION & DISMISS THE CASE FOR VIOLATIONS OF THE ICWA.

ATTORNEY LEININGER IS EITHER INCOMPETENT OR CONSPIRATOR TO BREAK MULTIPLE FEDERAL LAWS, BUT MOST LIKELY IT IS FEASIBLE TO CONCLUDE BOTH.

MOTHER COMMITTED PERJURY TO WIN A CUSTODY CASE AND USES THE MINOR CHILD AS COLLATERAL DAMAGE.

THE ICWA WAS ENACTED FOR JUST THIS REASON, THE ONLY WAY TO DETER FURTHER VIOLATIONS OF FEDERAL LAW IS TO PUNISH ACCORDINGLY.

WHEREFORE THE FATHER PRAYS FOR RELIEF:

1) THAT THIS COURT WILL INVALIDATE THE ACTION OF THE TRIAL COURT PURSUANT 25 USC 1914 AND CUSTODY RETURNED PURSUANT TO 25 USC 1916.

2) THAT THIS COURT AWARD FATHER $10,000,000.00 (USD) IN PUNITIVE DAMAGES.

3) THAT THIS COURT PURSUE CRIMINAL CHARGES AGAINST EMILY FOX AND EMILY LEININGER FOR PERJURY, CONSPIRACY TO COMMIT FRAUD, AND HARASSMENT.

4) THAT FATHER BE AWARDED ALL COST OF LITIGATION & APPEALS INCLUDING ATTORNEY FEES & COURT COST DURING POST-DIVORCE & TERMINATION ACTION, ALL COST TAXED TO MOTHER & HER COUNSEL.

5) THAT "ALL THINGS FAMILY LAW" & ATTORNEY LEININGER BE BARRED FROM PRACTICING FAMILY LAW INDEFINITELY

6) FOR ALL OTHER RELIEF DEEM PROPER

RESPECTFULLY,

## VERIFICATION

STATE OF TENNESSEE

COUNTY OF WILLIAMSON

ROBERT GORDON, AFTER FIRST BEING DULY SWORN, MAKES OATH THAT THE STATEMENTS CONTAINED IN HIS FOREGOING "COMPLAINT FOR BREACH OF CONTRACT, GROSS UNETHICAL AND NEGLIGENT PRACTICE OF LAW" IN THE DEFENDANTS INDIVIDUAL AND OFFICIAL CAPACITY ARE TRUE TO THE BEST OF HIS KNOWLEDGE, INFORMATION, AND BELIEF AND THAT HE BRINGS THIS PETITION NOT OUT OF LEVITY OR BY COLLUSION WITH THE DEFENDANT, BUT IN SINCERITY AND TRUTH, AND FOR THE CAUSES MENTIONED THEREIN.

ROBERT GORDON

SWORN & SUBSCRIBED BEFORE ME ON THIS 9th DAY OF May 2024

NOTARY PUBLIC

MY COMMISSION EXPIRES 2/14/2026

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the (pleading) _COMPLAINT FOR VIOLATION OF ICWA_
has been served on:

(Name) _EMILY P. GORDON - FOX_
(Address) _5008 MAECHANT DR_
(Address) _NASHVILLE, TN 37211_

(Name) _EMILY M. LEININGER_
(Address) _231 PUBLIC SQ #300_
(Address) _FRANKLIN, TN 37064_

(Name) _ALL THINGS FAMILY LAW, PLLC_
(Address) _231 PUBLIC SQ # 300_
(Address) _FRANKLIN, TN 37064_

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the _17_ day of _SEPTEMBER_ , 20 _24_ .

_____
Signature