IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON, # 65920,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-01167 |
| | ) | |
| **EMILY LEININGER, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Gordon, who is in custody of the Williamson County Sheriff's Office, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed an Amended Complaint (Doc. No. 11) and several motions. The Court now addresses these motions and conducts an initial review of the Amended Complaint.

## I. AMENDED COMPLAINT

"A party may amend its pleading once as a matter of course no later than . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) , or (f) , whichever is earlier." Fed. R. Civ. P. 15(a). Plaintiff's Amended Complaint (Doc. No. 11) is now the operative complaint in this action.

## II. FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation,

1

it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Williamson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

### III. SCREENING THE AMENDED COMPLAINT

**A. PLRA Screening Standard**

The Amended Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

3

Case 3:24-cv-01167    Document 12    Filed 06/24/25    Page 3 of 7 PageID #: 186

(6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. **Allegations and Claims Alleged**

Plaintiff names one Defendant, Emily Gordon-Fox, in the Amended Complaint.[1] (Doc. No. 11 at 1). He alleges that Gordon-Fox filed a petition in Tennessee state court to terminate Plaintiff's parental rights over their shared son. (*Id.* at 2). Plaintiff is a member of the Choctaw Nation of Oklahoma ("Choctaw Nation"), and a Choctaw Nation representative wrote to Gordon-Fox's attorney to inform her that the Indian Child Welfare Act applied to the termination proceedings. (Doc. No. 11-1 at 3−4).

Plaintiff's visitation rights were suspended beginning in January 2021 pursuant to a separate divorce proceeding. (Doc. No. 11 at 2). In the termination proceedings., Plaintiff filed two petitions to change venue to Choctaw Nation, but the petitions were denied. (*Id.* at 4).

Plaintiff alleges that Gordon-Fox's attorney presented fabricated medical records and that Gordon-Fox provided false testimony during the termination proceedings. (*Id.* at 9).

Plaintiff's parental rights were ultimately terminated. (*Id.* at 9).

Plaintiff sues Gordon-Fox for violating the Indian Child Welfare Act and for making false declarations in violation of 18 U.S.C. § 1623. (*See generally id.*). He seeks to vacate the state-court judgment terminating his parental rights. (*Id.* at 1). He also seeks $10 million in damages. (*Id.* at 19).

---

[1] Plaintiff's original Complaint named two additional Defendants in the caption: Emily Leininger and All Things Family Law, PLLC. (Doc. No. 1 at 1). However, the Amended Complaint, once filed, completely replaced the original Complaint. *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

## C. Analysis

The Court addresses Plaintiffs' Indian Child Welfare Act claims before turning to his false-declarations claims.

1. Indian Child Welfare Act

Plaintiff argues that Gordon-Fox violated the Indian Child Welfare Act in several respects, including by committing fraud, by failing to make active efforts toward reunification, and by opposing transfer venue to Choctaw Nation. (Doc. No. 11 at 1−8, 13−18).

The Indian Child Welfare Act "does not provide for a cause of action for money damages. The only relief that can be provided is declaratory relief." *Luther v. Oklahoma ex rel. Oklahoma Dep't of Human Servs.*, No. CIV-25-279-J, 2025 WL 1165282, at *6 (W.D. Okla. April 2, 2025) (collecting cases). Accordingly, to the extent Plaintiff seeks damages pursuant to the Indian Child Welfare Act, his claim will be dismissed.

Plaintiff seeks an order vacating the state-court judgment terminating his parental rights. (Doc. No. 11 at 1). However, Plaintiff's appeal of that judgment remains pending in state court. *See In re Knox G.*, M2024-01355-COA-R3-PT (Tenn. Ct. App.).[2] Under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from deciding a claim if doing so would "intrud[e] into a [state] . . . civil proceeding 'involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Satkowiak v. McClain*, 24-1600, 2024 WL 5088685, at *1 (6th Cir. Dec. 12, 2024) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 78 (2013)). As relevant to *Younger* abstention, state-court proceedings remain "pending until a litigant has exhausted his state appellate remedies." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975)).

---

[2] Available by search at https://pch.tncourts.gov/.

"Where state proceedings related to custody, termination of parental rights, and adoption are ongoing, the *Younger* abstention doctrine prevents the district court from ruling on a related request for injunctive relief because the proceeding implicates important state interests and Plaintiffs have an adequate opportunity to raise their challenges in state court." *Robards v. Slatery*, 2024 WL 4370780, at *3 (M.D. Tenn. Oct. 1, 2024) (brackets and quotation marks omitted)); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (*Younger* abstention appropriate where "the state proceedings involve a paramount state interest, *i.e.,* domestic relations law."); *Morrow v. Wilson*, 94 F.3d 1386, 1397 (10th Cir. 1996) ("The state, although not a party, obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interests of the child and the family relationship."). The Indian Child Welfare Act does not change the abstention analysis in such cases. *Morrow*, 94 F.3d at 1395−96 ("[W]e believe that § 1914 and related provisions of the [Indian Child Welfare Act] do not preclude our consideration of abstention.").

The *Younger* criteria for abstention apply here. Accordingly, this Court will abstain from exercising jurisdiction over any claim seeking to vacate the state court's judgment while Plaintiff's state-court appeal remains pending.

2. False Declarations

Plaintiff purports to sue Defendants for making false declarations in violation of 18 U.S.C. § 1623. (Doc. No. 11 at 9−12). However, this criminal statute does not create a private right of action. *Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *2 (6th Cir. Nov. 15, 2017) ("The statutes on which [appellant] relies, 18 U.S.C. §§ 1621 and 1623, are criminal statutes; they contain no express provision creating a private right and do not imply a private cause of action."); *Kafele v. Frank & Wooledge Co.*, 108 Fed. Appx. 307, 308−09 (6th Cir. 2004) (same). Accordingly, Plaintiff has failed to state a claim for which relief may be granted.

## IV. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

Plaintiff's Amended Complaint is **DISMISSED**. Plaintiff's damages claim under the Indian Child Welfare Act and his claim alleging a violation of 18 U.S.C. § 1623 are dismissed with prejudice for failure to state a claim upon which relief may be granted. The Court abstains under *Younger* from resolving Plaintiff's claim to vacate the state-court judgment terminating his parental rights. This claim is dismissed without prejudice.

Plaintiff's motions to appoint counsel (Doc. Nos. 5 and 6) and motions to vacate (Doc. Nos. 7 and 8) are **DENIED** as moot.

This Order resolves all claims in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE